**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| RICO HAYES, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | No. 4:05CV163-DJS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

<u>**ORDER**</u>

In <u>United States v. Rico Hayes</u>, 4:02CR536-DJS, a jury found movant Rico Hayes guilty of two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). On June 13, 2003, this Court sentenced Hayes to concurrent terms of 188 months' imprisonment, to be followed by 5-year concurrent terms of supervised release, and a special assessment of $200. The conviction was affirmed on appeal in an opinion issued January 21, 2004, upon which the mandate issued February 24, 2004. Now before the Court is Hayes' motion to vacate, set aside or correct sentence under 28 U.S.C. §2255, filed in January 2005. Hayes' motion asserts three claims of ineffective assistance of counsel, and Hayes has twice been permitted to supplement his motion to assert a total of three additional grounds for relief.

Movant's first ground for relief is that his counsel rendered ineffective assistance by failing to pursue a <u>Miranda</u>[1]

---

[1] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

issue on direct appeal.  To prevail on a claim of ineffective assistance of counsel, petitioner must show that his counsel's performance was deficient as a matter of constitutional law and that petitioner was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984).  Moreover, an appellate counsel's failure to raise an issue on appeal will justify habeas relief only when there is a "reasonable probability that an appeal of [the] issue would have been successful and that the result of the appeal would thereby have been different." Pryor v. Norris, 103 F.3d 710, 714 (8th Cir. 1997).

Petitioner must overcome the strong presumption that his attorney's performance was objectively reasonable. Strickland, 466 U.S. at 689.  Appellate counsel does not have a duty to raise every nonfrivolous claim on appeal. Sidebottom v. Delo, 46 F.3d 744, 759 (8th Cir. 1995).  "Th[e] process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527, 536 (1986), *quoting* Jones v. Barnes, 463 U.S. 745, 751-752 (1983).

Movant does not articulate with any specificity the Miranda issue he contends should have been raised on appeal.  Upon review of the criminal file, the Court readily determines that no meritorious Miranda issue could have been raised, and that therefore there exists no reasonable probability that the appellate

2

outcome might have been different had counsel appealed the denial of Hayes' motions to suppress statements. Defendant made no objection to the United States Magistrate Judge's report and recommendation [Doc. #35 in No. 4:02CR536-DJS] recommending denial of the motion to suppress, and this Court adopted that recommendation and denied the motion [Doc. #45 in No. 4:02CR536-DJS]. No argument is offered in support of the instant §2255 motion to cast any doubt on the underlying determinations that none of Hayes' statements to the police was involuntary or coerced, that most of the statements at issue were made in non-custodial circumstances, and that the statements movant made while in custody were voluntarily made after receipt of Miranda warnings.

Movant cites Missouri v. Seibert, 542 U.S. 600 (2004), in which the Supreme Court held that Miranda warnings given mid-interrogation, after a defendant gave an unwarned confession, were ineffective. Movant asserts that such a "question first, warn later" approach rendered his statements inadmissible. The assertion is totally contrary to the factual findings made in this Court in the criminal case, particularly as it is at odds with the determination that none of defendant's statements to police was the product of interrogation. Movant's assertion is unsupported and is unavailing in these postconviction proceedings. Movant fails to demonstrate either that his counsel's performance was deficient as a matter of constitutional law or that movant was prejudiced by the

alleged deficient performance.  The Court finds ground one to be without merit.

Ground two of Hayes' §2255 motion is his claim of ineffective assistance based on his counsel's failure to pursue a justification defense at trial.  Contrary to Hayes' assertion that the Eighth Circuit has recognized this type of defense, what the Eighth Circuit has repeatedly said, including in the Blankenship case to which Hayes cites, is that it has not recognized a defense of legal justification to a violation of the felon in possession statute, §922(g).  See United States v. Cage, 149 Fed.Appx. 545, 546 (8th Cir. Sept. 20, 2005); United States v. Hudson, 414 F.3d 931, 933 (8th Cir. 2005); United States v. Taylor, 122 F.3d 685, 688-89 (8th Cir. 1997); United States v. Blankenship, 67 F.3d 673, 677 (8th Cir. 1995).

The Court would not have allowed a justification defense where the Court of Appeals has not recognized its availability on the charges Hayes faced.  Furthermore, Hayes fails to demonstrate that he would have been capable of meeting the elements of the defense, even as it narrowly recognized by other circuits.  Hayes argues only that the jury heard testimony that Hayes told the police he kept a particular gun for his protection.  A "generalized fear of harm" does not support the defense even where it is recognized.  United States v. Lomax, 87 F.3d 959, 961 (8th Cir. 1996).  "To warrant the defense, the defendant must show, among other things, that he was under an imminent threat of death or

4

serious bodily injury and he had no reasonable legal alternative to violating the law." Cage, 149 Fed.Appx. at 546, *citing* Lomax, 87 F.3d at 961. In the absence of a showing that he could have met these elements, Hayes fails to show that his counsel's performance was deficient or that petitioner was prejudiced by counsel's failure to pursue a justification defense. Hayes demonstrates no entitlement to §2255 relief on ground two.

Hayes' third ground for relief is that his sentence did not comply with the Sixth Amendment in view of the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004). Hayes was sentenced on June 13, 2003. The rules announced in Blakely, and later in United States v. Booker, 543 U.S. 220 (2005), do not apply retroactively to cases on collateral review. See Never Misses A Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005) (per curiam). Furthermore, Hayes' argument challenges the Court's determination at sentencing that Hayes was an armed career criminal subject to sentencing under §924(e). Blakely, Booker and the Sixth Amendment do not prevent a district court from making sentencing findings about the fact and nature of a defendant's prior convictions. United States v. Warford, ___ F.3d ___, 2006 WL 522210 (8th Cir. Mar. 6, 2006); United States v. Patterson, 412 F.3d 1011, 1015-16 (8th Cir. 2005). Because movant's substantive arguments are without merit, his assertion that his counsel was ineffective for failing to make the same arguments before this

Court or on appeal is also unavailing. No right to relief is shown on ground three.

Hayes' supplemental ground one is that his sentence is void *ab initio* because of the Supreme Court's invalidation in Booker/Fanfan of the mandatory nature of the Sentencing Guidelines under 18 U.S.C. §3553(b)(1). This argument fails because, as the Court has earlier noted, Booker cannot be retroactively applied to Hayes' sentencing which occurred in 2003. The Eighth Circuit has held that the rule announced in Booker "does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." Never Misses a Shot, 413 F.3d at 783.

Movant's supplemental ground two invokes Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254 (2005). In Shepard, the Supreme Court held that in determining whether a conviction is a violent felony under §924(e), a court may not look beyond "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information". Id. at 1263.

Hayes' conviction became final long before Shepard was decided, which raises the question of Shepard's applicability in these §2255 proceedings.

> When a Supreme Court decision results in a "new rule" of criminal procedure, that rule applies to all criminal

> cases still pending on direct review, but, as to convictions that are already final, the rule applies only in limited circumstances. See <u>Schriro v. Summerlin</u>, 542 U.S. 348...(2004). New substantive rules--which narrow the scope of a criminal statute or which place particular conduct or persons covered by the statute beyond the State's power to punish--generally apply retroactively. See <u>id</u>...New procedural rules generally do not apply retroactively unless the rule is of "watershed" magnitude implicating "the fundamental fairness and accuracy of the criminal proceeding," or unless the rule prevents the lawmaking authority from criminalizing certain kinds of conduct. See <u>id</u>....; <u>Teague v. Lane</u>, 489 U.S. 288, 310-11...(1989) (unless exception applies, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before new rules are announced; exceptions are for rules that (1) place conduct beyond power of criminal law-making body to proscribe or (2) are "watershed rules of criminal procedure"); <u>United States v. Moss</u>, 252 F.3d 993, 997 & n. 3 (8th Cir.2001)[.]

<u>Never Misses A Shot</u>, 413 F.3d at 783.

Application of these principles yields the conclusion that <u>Shepard</u>'s limitations on a sentencing court's considerations for classifying violent felonies under §924(e) are not retroactively applicable on collateral review under §2255. <u>United States v. Armstrong</u>, 151 Fed.Appx. 155, 157 (3rd Cir. 2005) ["we note that <u>Shepard</u> has not been made retroactive by the Supreme Court"]. In any event, Hayes fails to demonstrate that in determining his armed career criminal status at sentencing, the Court considered matters <u>Shepard</u> disallows. See Sentencing Transcript [Doc. #87 in No. 4:02CR536-DJS], p.22. Hayes does not establish a right to relief on his supplemental ground two.

Hayes was permitted to add a second supplemental ground for relief, a claim of ineffective assistance of counsel for

7

failure to adequately investigate Hayes' prior convictions in preparation for his sentencing. Hayes' treatment of the issue, including the exhibits Hayes has submitted, fails to make clear what further investigation would have yielded to benefit Hayes at sentencing. Hayes appears to focus on the prior convictions used to classify him as an armed career criminal subject to sentencing under §924(e), but Hayes does not articulate, and does not factually or legally support, any particular challenge to those convictions. The three convictions upon which the armed career criminal determination was based were supported by certified copies presented to the Court at sentencing. See Sentencing Transcript [Doc. #87 in No. 4:02CR536-DJS], p.5. Because Hayes does not demonstrate any deficient performance by his counsel and resulting prejudice therefrom, Hayes shows no right to relief on his second supplemental ground for relief.

For all the foregoing reasons, movant Rico Hayes' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 will be denied, by separate judgment entered herein this day. The Court notes that movant's traverse [Doc. #29] is not properly considered to the extent that it addresses matters not raised in his earlier-articulated grounds for relief, and because it is unsigned and therefore fails to comply with Fed.R.Civ.P. 11(a). Hayes' motion for summary judgment will also be denied. Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for summary judgment [Doc. #23] is denied.

Dated this  22nd  day of March, 2006.

                                                /s/Donald J. Stohr
                                                UNITED STATES DISTRICT JUDGE