**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **RICO HAYES,** ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | No. 4:05CV163-DJS |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## ORDER

Rico Hayes' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 was filed in this matter in January 2005. The Court entered judgment denying the motion on March 22, 2006. No direct appeal was taken, but the Eighth Circuit has subsequently denied Hayes' petition for authorization to file a successive motion. See Doc. #34. Now before the Court is Hayes' motion to reopen the Court's order and judgment, citing Fed.R.Civ.P. 60(b)(4) and (6).

Hayes' motion focuses on the Court's previous analysis of his second supplemental ground for relief, treated at pages 7 and 8 of the Court's March 22, 2006 order [Doc. #30]. The claim was for ineffective assistance of counsel, based on counsel's failure to adequately investigate Hayes' prior convictions in preparation for sentencing. Id. The Court also construed Hayes' filings as attempting, unsuccessfully, to challenge the prior convictions. Id. In the present motion, Hayes suggests that his true intention

with the second supplement ground for relief was an argument that his due process rights were violated because he had insufficient notice that armed career criminal status under 18 U.S.C. §924(e) might be applied against him at sentencing. See Doc. #39 at p.5. Movant seeks to reopen this proceeding for consideration of that claim.

Respect for the finality of judgments requires that relief for errors in a judgment be promptly sought. The authority for reconsideration of final judgments under Rule 60 is limited. Even those subsections of Rule 60 not subject to a one-year time limit require that a motion be made "within a reasonable time." Fed.R.Civ.P. 60(c)(1). Hayes' Rule 60 motion is here filed two years and ten months after the judgment on March 22, 2006. Such a delay is not reasonable when the basis of the motion is merely to clarify what Hayes claims was his original intention as to a particular ground for relief earlier asserted. The motion can therefore be denied as untimely made.

Furthermore, the motion lacks merit even if the Court undertakes analysis of the ground for relief now proffered. The due process argument Hayes makes employs in large part the exact language of the Eighth Circuit Court of Appeals in United States v. Bates, 77 F.3d 1101, 1105 (8th Cir. 1996). Here, as in Bates, the argument is unavailing, because Hayes was on notice of the prior convictions that would be used against him for this purpose; one was the subject of the parties' stipulation at trial and all were

set forth in the presentence report and subject to various objections actually raised at sentencing. <u>Bates</u>, 77 F.3d at 1105.

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** that movant's motion to reopen case under Rule 60 [Doc. #39] is denied.

Dated this   19th    day of February, 2009.

                                              /s/Donald J. Stohr
                                              UNITED STATES DISTRICT JUDGE